IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KAROLAY FLORES ALVAREZ, | * |
| Petitioner, | * |
| v. | * |
|  | Civil No. 26-706-BAH |
| KRISTI NOEM ET AL., | * |
| Respondents. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

The Court has reviewed the habeas petition, ECF 1, and motion for a temporary restraining order ("TRO"), ECF 4, filed in this case.

"Temporary restraining orders [ ] . . . are 'extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.'" *Franklin v. BWW Law Group LLC*, Civ. No. DKC-16-455, 2016 WL 9724972, at *1 (D. Md. Apr. 4, 2016) (quoting *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001)); *see also Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). To obtain a temporary restraining order, the movant must establish four factors: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm if preliminary relief is not granted; (3) that the balance of equities favors them; and (4) that an injunction is in the public interest. *See Frazier v. Prince George's Cnty.*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). When a government entity is a party to the case, the third and fourth factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Pursuing Am. Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016). The movant "must

establish all four elements in order to prevail." *Profiles, Inc. v. Bank of America Corp.*, 453 F. Supp. 3d 742, 746 (D. Md. 2020) (citing *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013)).

Here, Petitioner represents that she was arrested by ICE today, February 20, 2026, when she reported for an appointment with ICE/ISAP. ECF 4, at 2. She is being held at the Fallon building. *Id.* at 3. Petitioner also argues that she is improperly detained under the mandatory detention scheme of 8 U.S.C. § 1225, rather than 8 U.S.C. § 1226(a)'s discretionary detention framework under which she is eligible for bond. *See* ECF 1, at 9. Moreover, Petitioner is the "sole and primary caregiver of her twelve-year-old son" who "does not have anyone to care for him since his mother's recent detention." ECF 4, at 2. The Government was notified of the motion for a TRO and granted an opportunity to respond via email, but could not do so in the admittedly short time frame. In the motion for a TRO, Petitioner requests immediate release. *Id.* at 12.

Based on review of the TRO, the Court finds that the *Winter* factors are met here. First, the Court finds that Petitioner has demonstrated a likelihood of success based on the representations within the petition, as well as recent cases in this district on the precise issue of mandatory detention under 8 U.S.C. § 1225 versus 8 U.S.C. § 1226(a)'s discretionary detention. *See, e.g.*, *Perez Saavedra v. Lyons*, Civ. No. 26-525, *Ailon-Lopez v. Bondi*, Civ. No. 26-160-BAH, *Arevalo-Ixam v. Noem*, Civ. No. 26-081-BAH, *Baicu v. Baker*, Civ. No. 26-202-BAH, *Vicente Romero v. Bondi*, Civ. No. 26-219-BAH, *Aguirre Aguirre v. Baker*, Civ. No. 26-319-BAH, and *Okazov v. Noem et al.*, Civ. No. 26-513-BAH. The Court also finds that Petitioner has demonstrated irreparable harm based on her role as the sole caregiver for her minor child, and because Petitioner is detained at the Fallon building in Baltimore, Maryland, which is not suitable for long term detention. Finally, the Court has weighed the third and fourth *Winter* factors and finds that they do not weigh against Petitioner here.

3

Accordingly, it is this 20th day of February, 2026, hereby **ORDERED** that:

(1) Petitioner's motion for a temporary restraining order, ECF 4, is GRANTED to the following extent:

    a. Respondents are directed to immediately release Petitioner from custody;

    b. Respondents, or anyone acting on their behalf, may not re-detain Petitioner until a bond hearing is held (with adequate notice) to determine whether detention is appropriate;

(2) Any other relief sought in the motion for a temporary restraining order, ECF 4, is DENIED; and

(3) The Court will contact the parties next week to confirm next steps.

Dated: February 20, 2026

                                                                                   /s/
                                                          Brendan A. Hurson
                                                          United States District Judge